UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| IRON WORKERS DISTRICT COUNSEL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST, *et al.,* | Case No. 3:23-cv-362 |
| Plaintiff, | |
| vs. | |
| COMMUNITY INSURANCE COMPANY, | District Judge Michael J. Newman, Magistrate Judge Caroline H. Gentry |
| Defendant. | |

**ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS (Doc. No. 8)**

This is a civil case in which Plaintiffs allege that Defendant failed to appropriately manage affairs as the third-party administrator of Plaintiffs' group health plan. Doc. No. 1 at PageID 2. Plaintiffs bring claims under both 29 U.S.C. § 1001, et seq. ("ERISA") and Ohio law. *Id.* at PageID 9-12. The case is before the Court on Defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss. Doc. No. 8. In response to the motion, Plaintiffs filed a memorandum in opposition (Doc. No. 12), and Defendant filed a reply (Doc. No. 14). Thus, the motion is ripe for review.

**I.     STANDARD OF REVIEW**

Rule 12(b)(6), like all other Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

A motion to dismiss filed pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set

forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In considering whether the facial plausibility standard is met, the court must view the complaint in the light most favorable to plaintiff, accepting as true all allegations in the complaint and drawing all reasonable inferences in plaintiff's favor. *See, e.g.*, *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

## II. LAW AND ANALYSIS

Defendant argues that Plaintiffs' state law claims should be dismissed because they are preempted by ERISA. Doc. No. 8 at PageID 97. Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendant's motion, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the

parties' arguments is not premature. *Id.*; *cf. Humphreys v. Bank of Am.*, 557 F. App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso*, 284 F. App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong*, 141 F. App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting). The Court will again entertain the preemption argument on summary judgment.

### III. CONCLUSION

Accordingly, Defendant's motion to dismiss (Doc. No. 8) is **DENIED**.

**IT IS SO ORDERED.**

May 6, 2024                              s/Michael J. Newman
                                                               Hon. Michael J. Newman
                                                                United States District Judge