UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

IRON WORKERS DISTRICT COUNCIL
OF SOUTHERN OHIO & VICINITY
BENEFIT TRUST, *et al.*,

    Plaintiffs,

vs.

COMMUNITY INSURANCE COMPANY,

    Defendant.

Case No. 3:23-cv-362

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

**ORDER DENYING AS MOOT PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AMENDED ANSWER (Doc. No. 20)**

This civil case is somewhat unusual in that Plaintiffs have filed a complaint to which Defendant responded with an answer and an amended answer. Doc. Nos. 1, 9, 17. Plaintiffs later filed, with leave of Court, a supplemental complaint, and Defendant responded with an answer.[1] Doc. Nos. 26.; *see* Docket Entry Aug. 23, 2024.

The case is before the Court upon Plaintiffs' motion to strike Defendant's amended answer (Doc. No. 20), Defendant's memorandum in opposition (Doc. No. 21), and Plaintiff's reply (Doc. No. 22).

**I.**

Before reaching Plaintiffs' motion to strike the amended answer, it is worth pausing to be certain that their supplemental complaint did not moot their motion to strike. This concern arises due to the general rule that "amended pleadings supersede original pleadings." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014); *cf. Doyle v. United States*, No. 6:18-05, 2018 WL

---

[1] With leave of court and on just terms, a party may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

1359048, at *1 (E.D. Ky. Mar. 16, 2018) ("[B]ecause the Supplemental Complaint also re-states the same claims made in the original Complaint in full, the Supplemental Complaint will be considered the operative pleading in this action"). If Plaintiffs' supplemental complaint supersedes their original complaint, *see Hayward*, 759 F.3d at 617, both the original complaint and Defendant's amended answer would become nullities, and Plaintiffs' motion to strike Defendant's amended answer would be moot. *See id.* ("'Once an amended pleading is interposed, the original pleading no longer performs any function in the case[.]'" (citation omitted)).

However, Plaintiffs' supplemental complaint does not supersede their original complaint. Plaintiffs explained in their unopposed motion to file a supplemental complaint that their original complaint remains their operative pleading, and their supplemental complaint addresses two alleged transactions, occurrences, or events that occurred after the date they filed their original complaint. Doc. No. 25 at PageID 241-42, 259-63. Plaintiffs' explanation supports the conclusion both the original complaint and Defendant's amended answer remain at issue. C*f. Roddy v. Grand Trunk Western R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005) ("[P]laintiff is the master of his complaint"). Review of Plaintiffs' supplemental complaint confirms their view that it truly supplements their original complaint, most notably because the supplemental complaint does not seek to voluntarily dismiss any portion of their original complaint.

The upshot of this is that Plaintiffs' motion to strike the amended answer challenges a pleading still at issue in this case.[2] Consequently, Plaintiffs' motion to strike is ripe for decision.

**II**.

This court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). Caution is warranted, however, because

---

[2] Plaintiffs' original complaint and supplemental complaint are Plaintiffs' operative pleadings. Defendant's amended answer to the original complaint and answer to the supplemental complaint are Defendant's operative pleadings.

"[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). "The function of the motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case. *Id*. (quoting *Kennedy v. City of Cleveland,* 797 F.2d 297, 305 (6th Cir. 1986)).

Plaintiffs identify various problems presented by the timing and content of Defendants' amended answer. *See* Doc. No. 20 at PageID 167-69. Yet, nothing in Defendant's amended answer constitutes "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). As to a possible "insufficient defense," *id*., the differences Plaintiffs identify between Defendant's answer and amended answer, *see* Doc. No. 20 at PageID 168-69; Doc. No. 22 at 194-95, concern one or more issues the parties should litigate through the discovery and summary-judgment stages of this case, rather than at the pleading stage. Doing so will better serve the truth-seeking function advanced by the crucible of litigation and will not require the parties to waste time and money on spurious issues.

Lastly, assuming, *arguendo*, Plaintiffs are correct to point out that Defendant should have obtained leave of Court before filings its amended answer, *see* Fed. R. Civ. P. 15(a)(2), moving past this problem in the present circumstances will not prejudice Plaintiffs' ability to litigate their case.

### III.

Accordingly, Plaintiffs' motion to strike Defendant's amended answer is **DENIED**.

**IT IS SO ORDERED.**

January 28, 2025                                         s/*Michael J. Newman*
                                                                        Hon. Michael J. Newman
                                                                        United States District Judge

3